**ASSOCIATION OF INTERNATIONAL AUTOMOBILE MANUFACTURERS, INC. and American Automobile Manufacturers Association, Inc., Plaintiffs,**

**v.**

**Dennis C. VACCO, as Attorney General of the State of New York, and Richard E. Jackson, Jr., as Commissioner of the Department of Motor Vehicles of the State of New York, Defendants.**

**No. 93 Civ. 0640 WK.**

United States District Court, S.D. New York.

Oct. 9, 1997.

Kenneth W. Starr, Paul T. Cappuccio, Richard A. Cordray, Kirkland & Ellis, Daniel V. Gsovski, Hertzfeld & Rubin, P.C., New York, NY, Washington, DC, for Plaintiffs.

Rosalie J. Hronsky, Assistant Attorney General, New York, NY, for Defendants.

---

WHITMAN KNAPP, Senior District Judge.

Once again before us is the case challenging the constitutionality of Section 416–a of New York's Vehicle and Traffic Law (McKinney 1986 & Supp.1995) (hereinafter "the New York statute" or "the statute") which requires automobile manufacturers to disclose to consumers information regarding the "impact speed" at which the automobile's bumpers will sustain only "minimal damage." Plaintiffs Association of International Automobile Manufacturers, Inc. and American Automobile Manufacturers Association, Inc. ("plaintiffs") and defendants Dennis Vacco, as Attorney General of the State of New York, and Richard E. Jackson, Jr., as Commissioner of the Department of Motor Vehicles (hereinafter "defendants" or "the State"), have cross-moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the question of whether or not the New York statute is expressly preempted by federal laws. Advocates for Highway and Auto Safety have filed an *amicus curiae* memorandum of law in support of defendants' motion. For the reasons that follow, plaintiffs' motion for summary judgment is granted.

### PROCEDURAL BACKGROUND

In 1992, the State of New York enacted a statute prohibiting the sale or lease within the state of any passenger car that does not have a "bumper quality label" affixed to it. N.Y. Vehicle and Traffic Law § 416–a. (McKinney's 1986 and Supp.1995). Such label is required to state:

> This vehicle is equipped with a front bumper that has been tested at an impact speed of (specified by vehicle manufacturer) —— miles per hour and a rear bumper that has been tested at an impact speed of (specified by vehicle manufacturer) —— miles per hour, and has sustained no damage to the vehicle's body and minimal damage to the bumper and attachment hardware. Minimal damage to the bumper means

damage that can be repaired with the use of common repair materials and without replacing any parts. The stronger the bumper, the less likely the car will need repair after a low speed collision. § 416–a(1)

The statute further provides that "[t]he impact speed required to be specified in the notice ... is *the maximum speed of impact* upon the bumper of the vehicle at which the vehicle sustains no damage to the body and minimal damage to the bumper." § 416–a(2) (emphasis added).

Before the effective date of the statute, plaintiffs brought the instant action challenging the constitutionality of the statute.[1] Plaintiffs argued that the statute is unconstitutionally vague, preempted by the National Traffic and Motor Vehicle Safety Act of 1966, 15 U.S.C. §§ 1381–1431 (1982 & Supp.1994) ("the Safety Act"), and the Motor Vehicle Information and Cost Savings Act of 1972, 15 U.S.C. §§ 1901–2012 (1982 & Supp.1994) ("the Cost Savings Act") (collectively "the federal Acts"), and that it imposed an undue burden on commerce. This opinion considers only the contention of preemption.

In a Memorandum and Order, dated November 14, 1994, we rejected plaintiffs' arguments and granted defendants' motion for summary judgment finding that the New York statute is not preempted by the federal Acts because it does not impose any minimum bumper-performance standards, but only requires disclosure of the bumper's ability to withstand damage. *Association of International Automobile Manufacturers, Inc. v. Abrams* (S.D.N.Y.1994) 867 F.Supp. 248.[2] By opinion dated May 23, 1996, however, the Court of Appeals, disagreed with our construction of the scope of the statute and found that there was a question of fact as to whether or not it is preempted by the federal Safety Act and the Cost Savings Act. Accordingly, the Court vacated our grant of summary judgment in favor of defendants and remanded the case for further inquiry re-

---

**1.** Plaintiffs sought a preliminary injunction which we denied. However, the parties reached an interim agreement in November 1995 regarding the enforcement of and compliance with the statute.

**2.** Because the standards governing federal preemption are thoroughly discussed in our original Memorandum and Order (*see* 867 F.Supp. at 251–52), we will not repeat them in this opinion.

garding the scope of the statute. *Association of International Automobile Manufacturers, Inc. v. Abrams* (2d Cir.1996) 84 F.3d 602. Now before us are the parties' cross-motions for summary judgment limited to the question of whether or not the New York statute is expressly preempted by the federal Acts.

### DISCUSSION

The federal Safety Act and the Cost Savings Act were enacted by Congress to balance automobile safety and cost concerns. Both expressly limit the states' authority to enact bumper-performance laws.[3] The current federal vehicle performance standard, set for at 49 C.F.R. §§ 581.1–581.7 (1993), requires that all motor vehicles meet specified damage criteria when impacted during "longitudinal impact" and "corner impact" tests at speeds of 1.5 miles per hour and at 2.5 miles per hour under specified conditions. As the Court of Appeals noted, the specified damage criteria expressly allows any and all damage to the front and rear bumper upon impact; "under the federal standard ... it is permissible for the bumper itself to be destroyed." 84 F.3d at 609.

While the federal Acts do not impose any bumper performance requirement, the New York statute at issue requires disclosure of the maximum impact speed at which a motor vehicle's bumper will sustain only "minimal damage." In our original Memorandum and Order we rejected plaintiffs' claim of express preemption on the ground that the New York statute requires only information disclosure and that "[i]t identifies neither a minimum standard for motor vehicle performance, nor a minimum performance standard." 867 F.Supp. at 253. By contrast, the federal Acts' express preemption provisions do not

appear to cover disclosure but rather standards of performance.[4]

The Court of Appeals, however, vacated the grant of summary judgment in favor of defendants concluding that "though the New York statute does not state a specific minimum performance requirement, it seems quite likely that *some* minimum level of performance is required." 84 F.3d at 611 (emphasis added). Specifically, the Court stated:

> Though the State has at times suggested that [the statement of an impact speed] imposes no substantive performance burden on the manufacturer because the manufacturer can simply fill in "zero," that rationale is belied by the language of the statute itself. If the "speed" were zero, movement would be non-existent and there could not be any "impact." Thus, the very term "impact speed" is meaningless at a "speed" of zero.

> *         *         *         *         *         *

> With the record viewed in this light, it is difficult not *to conclude* that the New York statute creates a bumper standard that is preempted by the federal Acts. (*Id.* at 609 and 611, emphasis added)

Despite this conclusion, the Court determined "that there is at least a question of fact as to whether the requirements imposed by [the New York statute] are identical to [the federal laws]." *Id.* at 609. "[T]hough the syntax of the State statute differs from that of the federal Acts, it is possible that the State standard, *as interpreted by the State*, will not differ from the federal Acts in practical effect." *Id.* at 611 (emphasis added). The Court, therefore, did not grant summary judgment in favor of plaintiffs, but instead remanded the matter to "the district court to permit whatever factual development it sees fit in order to determine the contours of the

---

**3.** Amended section 1392(d) of the Safety Act states "[n]othing in this section shall be construed as preventing any State from enforcing any safety standard which is identical to a Federal standard." Pub.L.No. 97–331, § 3, 96 Stat. 1619 (1982).

Similarly, the Cost Savings Act provides (15 U.S.C. § 1920(a)): [N]o State or political subdivision thereof shall have any authority to establish or enforce with respect to any passenger motor vehicle or passenger motor vehicle equip-

ment offered for sale any bumper standard which is not identical to a Federal bumper standard.

**4.** As the Court noted, under current law governing implied preemption, we could find that the additional testing required to make such disclosures violates the standards and purposes expressed in the Cost Savings Act. 84 F.3d at 611–12. The question of implied preemption, however, is not now before us.

New York statute and to make the determination as to whether the statute has been expressly preempted." *Id.*

In light of the Court of Appeals' opinion, the question presented is whether or not as applied, the New York statute would permit a car manufacturer to insert "zero" as the maximum "impact speed" at which a bumper will suffer only "minimal damage."[5] At the oral argument of the appeal before the Court of Appeals, the Assistant Attorney General argued for the first time "that a manufacturer could insert 'zero' as the maximum speed at which a bumper suffers no more than minimal damage." *Id.* However, she also "made statements as to what the State would 'permit' which seemingly contradicted the zero-maximum notion." *Id.* Accordingly, the Court remanded the matter to resolve the question.

The only new evidence submitted by defendants in support of their argument that the New York statute imposes no performance standard because a manufacturer may insert zero as the impact speed are an affidavit by the Assistant Attorney General on the case, Shirley F. Sarna ("Sarna Affidavit"), and defendants' Response To Combined Requests For Admissions And Interrogatories, also prepared by defendants' attorneys. In support of this position, defendants' counsel asserts that "[a]t no point did this office ever explicitly disavow any possibility that a manufacturer could comply with VTL § 416–a by placing a zero in the blanks on the required label," contending that "[a]ny statements by this office to the manufacturers or their representatives prohibiting the insertion of zero on the required label always related to the inserting zero as an opt-out of the statute's requirements." Sarna Affidavit, ¶ 10. Thus,

the manufacturers could not insert "zero" unless they had actually tested the bumper and found that at a speed of 1.0 miles per hour it sustained more than "minimal damage." If, however, the manufacturers did conduct impact tests and the bumper sustained more than minimal damage at a speed of 1.0 miles per hour, then they could insert "zero" as the maximum "impact speed" at which the bumper would suffer only minimal damage. Defendants do not, however, submit any evidence in support of this statutory construction beyond the affidavit by the assistant attorney general and their responses to plaintiffs' interrogatories.

Defendants argue that submission of the Sarna Affidavit and the responses to the plaintiffs' interrogatories are sufficient to defeat plaintiffs' motion for summary judgment because they create a factual record of their position—a factual record not before the Court of Appeals. However, we do not read the Court's opinion as merely requiring the formal placement of this argument on the record. Based on its construction of the statute, it found that it does impose a bumper performance standard and is thus preempted by the federal Acts. It did not, however, grant summary judgment in favor of plaintiffs in order to give defendants an opportunity to *demonstrate* the position argued on appeal that a manufacturer could insert "zero" as the impact speed. As the court stated *Id.* at 611:

> Though the State has at times suggested that [the statement of an impact speed] imposes no substantive performance burden on the manufacturer because the manufacturer can simply fill in "zero." *that rationale is belied by the language of the statute itself.* (emphasis added)

The Attorney General Memorandum and the DMV Statement both support plaintiffs' "contention that the New York statute was intended to impose the substantive requirement that a car's bumper be able to withstand impact with only minimal damage at some speed greater than zero." 84 F.3d at 609. The Womack Letter, however, states that "the New York statute neither establishes nor enforces a 'bumper standard' within the meaning of the Cost Savings Act or a 'motor vehicle safety standard' within the meaning of the Safety Act. Therefore, in our view, the statute is not expressly preempted." *Id.* at 610 (quoting Womack Letter at 2).

---

**5.** The documentary evidence considered by the Court regarding this question included:

(1) Memorandum of the Attorney General to the Governor, July 16, 1992 ("Attorney General Memorandum");

(2) Department of Motor Vehicles, Emergency/Proposed Rulemaking, New York State Register, January 27, 1993 ("DMV Statement"); and

(3) Letter of John Womack, Acting Chief Counsel of the National Highway Traffic Safety Administration ("NHTSA"), to Congressman Charles E. Schumer, March 8, 1994 ("Womack Letter"). (84 F.3d at 609–10)

Defendants were, therefore, under an affirmative duty to develop and present actual evidence demonstrating that the Court of Appeals' statutory construction was incorrect.[6] Plaintiffs, however, do not in any way add to the facts that the Court considered. Thus, we find no basis to dispute the Court's tentative conclusion that "the New York statute creates a bumper standard that is preempted by the federal Acts." *Id.*

Accordingly, plaintiffs' motion for summary judgment is granted. Plaintiffs are directed to submit—on ten days notice to defendants—a proposed judgment granting the relief they have requested. If the parties are unable to agree on such relief, we will hold a conference to resolve the question.

**SO ORDERED.**

---

**6.** At Oral Argument, the question was raised regarding what defendants could have done. The answer is simple: (1) the Legislature could have amended the Statute so as clearly to make it one which requires only information disclosure; or (2) the Department of Motor Vehicles could have reconsidered its decision that it did not have the statutory authority to make a rule consistent with the federal Acts, and made such a rule or rules.